IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DIANNE L. JONES                                                                                    PLAINTIFF

vs.                                         Civil No. 6:20-cv-06041

ANDREW M. SAUL                                                                                DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Dianne L. Jones ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a period of disability, Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **REVERSED AND REMANDED.**

1.     **Background:**

Plaintiff filed her disability applications on July 10, 2017 due to a traumatic brain injury, mental illness, back pain, and right knee and feet problems. (Tr. 227).[1]  Plaintiff alleged an onset

---

[1] The docket numbers for this case are referenced by the designation "ECF No. __." The transcript pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF No. 19. These references are to the page number of the transcript itself and not the ECF page number.

1

date of January 1, 2016. *Id.* Her applications were denied initially and again upon reconsideration. (Tr. 15).

Plaintiff requested an administrative hearing on her denied applications, and this hearing request was granted. (Tr. 110-165). The hearing was held on April 24, 2019. (Tr. 32-59). At this hearing, Plaintiff was present and represented by counsel, Nathan Barnard. *Id.* Plaintiff and Vocational Expert, ("VE") Teniqua Sheree testified at this hearing. *Id.*

On July 16, 2019, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's disability applications. (Tr. 15-26). The ALJ determined Plaintiff met the insured status requirements of the Act through March 31, 2023. (Tr. 17, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 1, 2016. (Tr. 17, Finding 2).

The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, osteoarthritis of the right knee, obesity, depressive disorder, and attention-deficit/hyperactivity disorder. (Tr. 18, Finding 3). The ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 18, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 19-24, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found they were not entirely credible. *Id.* Second, the ALJ determined Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined

2

>  in 20 CFR 404.1567(a) and 416.967(a) except the claimant requires a sit/stand option that involves standing or walking in intervals of 20 minutes to 60 minutes and sitting in intervals of 60 minutes. The claimant may occasionally stoop only to reach knee to tabletop level. The claimant can less than occasionally or rarely crouch, crawl, and climb stairs. The claimant can never climb ladders or scaffolds. The claimant retains the mental ability to understand, remember, and carry out simple job instructions. The claimant retains the ability to make decision/judgments in simple work-related situations. The claimant is able to respond appropriately with co-workers, supervisors, and the public. The claimant has the ability to respond appropriately to minor changes in the usual work routine.

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 24, Finding 6). The ALJ determined Plaintiff was unable to perform her PRW. *Id.* However, the ALJ found there were jobs in the significant numbers in the national economy that Plaintiff could perform. (Tr. 24-25, Finding 10). With the help of the VE, the ALJ found Plaintiff could perform the representative occupations of (1) order clerk with approximately 40,000 jobs in the nation, (2) clerical mailer with approximately 40,000 jobs in the nation, and (3) document specialist with approximately 200,000 jobs in the nation. *Id*. Based upon this finding, the ALJ determined Plaintiff had not been disabled from January 1, 2016 through the date of the decision. (Tr. 25, Finding 11).

Plaintiff sought review with the Appeals Council. (Tr. 1-6). The Appeals Council denied this request. *Id.* On April 9, 2020, Plaintiff filed a Complaint in this case. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 22-24. This matter is now ripe for consideration.

2.  **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).

If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000). It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In her appeal brief, Plaintiff raises a single argument for reversal: the ALJ erred by failing to resolve the conflict between the VE's testimony and the *Dictionary of Occupational Titles* ("DOT"). ECF No. 22 at 4-8. Upon review, the Court finds the ALJ erred by failing to obtain an explanation about the possible conflict between the VE's testimony and the DOT.

The ALJ has an affirmative responsibility to resolve "any possible conflict" between VE evidence and the DOT. *See Kemp ex rel. Kemp v. Colvin,* 743 F.3d 630, 634 (8th Cir. 2014). In the present action, the ALJ questioned the VE regarding occupations in the national economy a hypothetical person with Plaintiff's limitations could perform. (Tr. 52-55). In his hypothetical to the VE, the ALJ noted a person with Plaintiff's limitations retained the mental ability to understand, remember, and carry out *simple job instructions* and the ability to make decision/judgments in *simple work-related situations*. (Tr. 54-55). (emphasis added). In response to this hypothetical, the VE identified three "sedentary" occupations that Plaintiff could perform. (Tr. 55). Those were food and beverage order clerk, document specialist, and clerical mailer. *Id.*

5

According to the DOT, a food and beverage order clerk and document specialist would require a reasoning level of 3 and clerical mailer would require a reasoning level of 2. A job reasoning level of 3 requires the ability to *"Apply common sense, understanding* and carryout instructions furnished in written, oral or diagrammatic form. *Deal with problems involving several concrete variables* in or from standardized situations." (Dictionary of Occupational Titles 4th Ed. Revised, 1991, Appx. C at 1011). (emphasis added). A job reasoning level of 2 requires the Claimant to "*Apply common sense, understanding* and carryout detail but uninvolved written or oral instructions." *Id.*

Thus, based upon the DOT, it appears that to perform the "sedentary" occupations the VE identified, Plaintiff would be required to perform more than the simple work activity as described in the ALJ's hypothetical to the VE. Because this appears to be a "possible conflict" between VE evidence and the DOT, the ALJ was under a duty to specifically inquire as to that conflict, and he did not. Accordingly, the VE's testimony does not supply substantial evidence supporting the ALJ's decision.

4.   <u>Conclusion:</u>

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends it be **REVERSED AND REMANDED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are**

**reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 4th day of May 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE